Curia, per

O’Neall, J.
The defendant rests his title to exemption on the 18th Sec. of the A. A. 1731, (P. L. 126, 3 Stat. So. Ca. 278,) which exempts from serving on juries “ all persons who heretofore have been, now are, or hereafter shall be, members of his Majesty’s Council, judges or assistant judges, in any of the courts of this Province, and all members of the Assembly, and officers of any of the courts of justice, during the time they shall be members, and during their continuance in such office, and all persons exempted by the laws and statutes of Great Britain.” It may be conceded that, according to the laws and statutes of Great Britain, the defendant would be exempted, but this will not help him; for the A. A. 1799, sec. 6, 7 and 8, (1 Faust, 264,) contains provisions totally repugnant to the clause recited from the Act of 1731, and must therefore be regarded as a repeal of it. The 6th sec. provides that, from the tax return of every third year, new jury lists shall be made, containing the names of such persons as were entitled, by the article of the Constitution then of force, to vote for member’s of the State Legislature, and those names are directed to be put in the division of the jury box numbered one. The 7th sec. provides, that out of those names shall be drawn the grand, petit and pleas jurors, who are to be summoned and impannelled as jurors then were. The 8th sec. declares, “ that a juror who shall be legally summoned to appear and serve at any of the Courts established by the Act hereby to be amended, and shall neglect or refuse so to do, shall forfeit and pay a sum *80 not exceeding $20 and 7 per cent upon his general State tax for the year preceding, unless such persons shall shew good and sufficient cause of excuse, upon oath, to any of the said judges, at the next sitting of the court after the sitting to which such person shall have been summoned to serve as aforesaid.” This provision, taken in connection with the 6th and 7th sections of the same Act, swept away: all previous exemptions ; and every free white man of the age of 21 years, being a citizen of this State, and having resided'therein two years previous to the general election, preceding the time of his being summoned as a juror, and who has a freehold estate of fifty acres of land, or a town lot of which he has been seized and possessed six months before such election, or not having such freehold or town lot, if he has been, six months before such election, a resident in the district in which he may be called to serve, and has paid a tax the preceding year of three shillings sterling, towards the support of this government, (see Const. So. Ca., Art 1, Sec. 4, and The State vs. Massy, 2 Hill R. 379,) is now liable to serve as a juror, unless he can shew that since,the Act of 1799, he has been by law exempted.
Because a man is liable to serve as a juror, it does not follow that he will be inexorably required so to do, when his other public functions conflict with the discharge of this duty. On making proper application, he will be excused. But the defendant was not in actual service, so that his duty to the United States could not conflict with his duty as a juror; and I think a little service in the jury box might not be useless to one of the gallant sons of the stormy deep, who is often called upon to bear his country’s standard to far distant shores. As a juror, he would learn much of the civil institutions of his country, to which he was before comparatively a stranger, and he would thus have it in his power to compare them with foreign institutions, or with more perfect knowledge to protect some fellow-citizen’s right against the *81 aggression of foreign governments. This duty, instead of being regarded as an onerous one, ought to be cheerfully and promptly borne by every man, the rich and the poor, the high and the low. The perfect equality of the jury box is the best practical exposition of legal liberty. To it we are perhaps indebted for the noble heritage which our ancestors of ’76 won for us by blood and toil. To it we shall look, with conscious security, for the preservation of life, liberty and property, as long as it exists. These considerations, addressed to a reflecting people, who prize their rights and love their country, will make every man court instead of shunning the discharge of the duty of a juror.
Peronneau, Mazyck Finley for the motion.
The order of the Court below was confirmed;
Richardson, Butler and Earle, JJ. concurring.